IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. JOE BLYN, DONALD LITTLE, and KUROSH MOTAGHED,** | |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| **TRIUMPH GROUP, INC.; TRIUMPH GEAR SYSTEMS, INC.; JEFF FRISBY; and CARLA BOWMAN,** | Case No.  2:12-CV-922-DAK |
| Defendants. | |

This matter is before the court on the Defendant Triumph Gears Systems, Inc.'s (TGS's) Motion to Reconsider the Court's April 26, 2016, Memorandum Decision and Order and for a Stay. The court's April 26, 2016, Memorandum Decision and Order denied TGS's Motion to Dismiss for Failure to State a Claim. TGS moves for the court to reconsider its position regarding the jurisdictional first-to-file bar of the False Claims Act ("FCA") or, in the alternative, moves for the court to certify its decision on the first-to-file issue for immediate interlocutory appeal. In either case, TGS moves the court to stay the case until the issue is resolved.

TGS's Motion to Reconsider has been fully briefed. The court concludes that a hearing would not significantly aid its determination of the motion. Accordingly, the court issues the following Memorandum Decision and Order based on the written submissions of the parties and the law and facts relevant to the pending motion.

## DISCUSSION

TGS moves the court to reconsider the first-to-file portion of its April 26, 2016, Memorandum Decision and Order or, in the alternative, to certify the first-to-file issue for

1

immediate interlocutory appeal. TGS argues that the court's determination on the first-to-file issue is inconsistent with the plain text of the jurisdictional first-to-file bar of the FCA, the holding in *United States ex rel. Precision Co. v. Koch Industries, Inc.*, 31 F.3d 1015 (10th Cir. 1994), and the Federal Rules of Civil Procedure. Plaintiffs Messrs. Little and Motaghed ("Relators") argue that the court's determination on the first-to-file issue is consistent with the Tenth Circuit's opinion in the *Precision* case and that the first-to-file issue is not jurisdictional. The court will address each of TGS's requests.

## RECONSIDERATION OF THE COURT'S FIRST-TO-FILE ANALYSIS

A non-final decision of a district court "may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b); *see also Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."). Although a district court has the discretion to revise an earlier interlocutory decision, "the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings" in order to prevent "continued reargument of issues already decided." *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981). The law of the case doctrine is not an "'inexorable command,' but is to be applied with good sense." *Id.* (citation omitted). Based on these guiding principles, a district court should generally only agree to reconsider an earlier interlocutory decision "when substantially different, new evidence has be introduced," when "subsequent, contradictory controlling authority exists," or when the decision "is clearly erroneous." *Id.* A motion for reconsideration is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for

2

the second motion must not have been available at the time the first motion was filed." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

No extraordinary circumstances exist in this case that would be sufficient for the court to reconsider its decision on the first-to-file issue. The parties do not point to any substantially different or new evidence or any subsequent and contradictory controlling authority. The parties rely solely on evidence and authorities that were previously discussed by the parties and considered by the court in its earlier analysis. All of the arguments advanced by TGS were available at the time of the original motion. Therefore, the arguments do not provide grounds for a motion to reconsider. In addition, neither TGS's arguments nor the court's review of the analysis is its earlier order convince the court that its decision was clearly erroneous. Therefore, the court declines to reconsider its April 26, 2016, Memorandum Decision and Order.

**INTERLOCUTORY APPEAL OF THE COURT'S FIRST-TO-FILE ANALYSIS**

"[A]n order not otherwise appealable may be immediately appealed if the district court judge 'shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Duke v. Grady Mun. Schools*, 127 F.3d 972, 973 n.1 (10th Cir. 1997) (quoting 28 U.S.C. § 1292(b)). A legal question is "controlling" for purposes of Section 1292(b) when "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982); *see also In re Indep. Serv. Orgs. Antitrust Litig.*, No. Civ. A.MDL-1021, 1997 WL 450028, at *4 (D. Kan. July 17, 1997) (unpublished). "Substantial grounds for difference of opinion on a controlling question of law exist when there is genuine doubt or conflicting precedent as to the correct legal standard." *Flying J, Inc. v. TA Operating*

*Corp.*, No. 1:06-CV-30-TC, 2007 WL 4165749, at *1 (D. Utah Nov. 20, 2007) (unpublished) (citation omitted). An immediate appeal from an order may materially advance the ultimate termination of the litigation when "the question goes to the court's subject matter jurisdiction." *Tank v. Chronister*, 998 F. Supp. 1160, 1162 (D. Kan. 1997).

An immediate appeal is especially proper when "a final determination on [the] issue by the circuit court . . . would best serve considerations of judicial economy and fairness to the litigants." *Resolution Trust Corp. v. Fleischer*, 871 F. Supp. 1362, 1370 (D. Kan. 1994); *see also Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (endorsing an interlocutory appeal in "cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action"); *Burchett v. Bardahl Oil Co.*, 470 F.2d 793, 796 (10th Cir. 1972) (interlocutory appeal is appropriate where it "might avoid protracted and expensive litigation").

In this case, a final determination on the first-to-file issue could materially affect the outcome of the litigation because the FCA's first-to-file bar "is a jurisdictional limit on the court's power to hear certain duplicative qui tam suits." *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 (10th Cir. 2004).[1] Because the FCA's first-to-file bar is jurisdictional, a ruling by the Tenth Circuit that the first-to-file bar precludes the intervention of the Relators in this FCA suit will result in dismissal of this case.

In addition to being a controlling legal question, the issue of the applicability of the first-to-file bar on the Relators in this case is an issue on which substantial grounds for difference of opinion exist. Although the Tenth Circuit directly addressed the issue of the applicability of the

---

[1] Circuit Courts are currently split on whether the first-to-file bar under the False Claims Act is jurisdictional. Although most Circuit Courts, including the Tenth Circuit, treat the bar as jurisdictional, the District of Columbia Circuit has recently held that the first-to-file bar is not jurisdictional. *See U.S. ex rel. Heath v. AT&T, Inc.*, 791 F.3d 112, 119 (D.C. Cir. 2015) ("The first-to-file bar is not jurisdictional.").

first-to-file bar on parties who have entered an FCA action through amendment in the *Precision* case, *see United States ex rel. Precision Co. v. Koch Industries, Inc.*, 31 F.3d 1015 (10th Cir. 1994), conflicting precedent exists as to the appropriateness and applicability of the holding in that case. *Compare, e.g.*, *U.S. ex rel. Howard v. Lockheed Martin Corp.*, No. 1:99-CV-285, 2011 WL 4348104, at *3 (S.D. Ohio Sept. 16, 2011) (unpublished) ("Relators cite a Tenth Circuit opinion for the proposition that intervention for purposes of [the FCA's first-to-file bar] is limited to 'intervention of the types set forth in [Fed. R. Civ. P.] 24(b)(2) and the addition of parties does not constitute intervention.' . . . [T]he Court agrees with Relators' interpretation." (citation omitted)), *with U.S. ex rel. Manion v. St. Luke's Reg'l Med. Center, Ltd.*, No. CV 06-498, 2008 WL 906022, at *7 (D. Idaho Mar. 31, 2008) (declining to follow "case law from neighboring jurisdictions which decline to apply the plain meaning of the term intervene but instead apply the more narrow meaning the term is granted in Federal Rule of Civil Procedure Rule 24."). In addition to conflicting precedent regarding the appropriateness and applicability of the holding in *Precision*, conflicting precedent also exists regarding the scope of that holding. *Compare U.S. ex rel. Boise v. Cephalon, Inc.*, No. CIV.A.08-287, 2014 WL 5089671, at *2 (E.D. Pa. Oct. 9, 2014) ("In *U.S. ex rel. Precision Co. v. Koch Indus., Inc.*, the Court of Appeals for the Tenth Circuit held that the addition of new relators by an amended complaint did not trigger the application of the first-to-file rule."), *with U.S. ex rel. Fry v. Guidant Corp.*, No. CIV.A.3:03-0842, 2006 WL 1102397, at *5 (M.D. Tenn. Apr. 25, 2006) ("[T]he Tenth Circuit has essentially carved out a limited exception to [the FCA's first-to-file bar] for the intervention of new relator parties, as long as they are 'related' to the original plaintiff.").

Finally, an immediate appeal from the courts April 26, 2016, Memorandum Decision and Order would materially advance the ultimate termination of the litigation. As already mentioned,

5

the first-to-file bar is jurisdictional in the Tenth Circuit, so a ruling that the first-to-file bar applies to Relators in this case will result in dismissal of the case.

Because the first-to-file issue is a controlling issue on which substantial grounds for difference of opinion exist and because an immediate appeal of that portion of the court's April 26, 2016, Memorandum Decision and order will materially advance the ultimate termination of the litigation, the court concludes that a certification for an interlocutory appeal should be granted. Because part of the purpose of granting the interlocutory appeal is to avoid protracted and expensive litigation, the court also concludes that the case should be stayed pending the decision by the Tenth Circuit.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that TGS's Motion to Reconsider the Court's April 26, 2016, Memorandum Decision and Order and for a Stay is GRANTED in part and DENIED in part. Although the court declines to reconsider its April 26, 2016, Memorandum Decision and Order and dismiss the case, the court certifies the first-to-file bar issue in its April 26, 2016, Memorandum Decision and Order for immediate appeal pursuant to 28 U.S.C. § 1292(b) and agrees to stay the case pending the disposition of proceedings in the Tenth Circuit. The Clerk of Court is directed to immediately certify this as an interlocutory appeal to the Tenth Circuit and to stay the case.

DATED this 23d day of June, 2016.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge