# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JOE BLYN, DONALD LITTLE, and KUROSH MOTAGHED,<br><br>Plaintiffs,<br>vs.<br><br>TRIUMPH GROUP, INC.; TRIUMPH GEAR SYSTEMS, INC.; JEFF FRISBY; and CARLA BOWMAN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:12-CV-922-DAK |

This matter is before the court on Plaintiffs Donald Little and Kurosh Motaghed's Motion for Reconsideration of Order Certifying Interlocutory Appeal and Granting Stay. On June 23, 2016, the court issued a Memorandum Decision and Order allowing Defendant Triumph Gear Systems, Inc. ("TGS") to file a petition for permission to appeal to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1292(b) and staying the case pending a decision by the Tenth Circuit. Plaintiffs argue that a June 27, 2016, decision by the United States Supreme Court resolves the split in the circuit courts regarding the False Claim Act's ("FCA's") first-to-file bar and removes any *bona fide* reason to permit an interlocutory appeal. The Supreme Court decision referenced by Plaintiffs is a decision to deny certiorari in a D.C. Circuit case, which held that the FCA first-to-file rule is not jurisdictional. *See U.S. ex rel. Heath v. AT&T, Inc.*, 791 F.3d 112, 119 (D.C. Cir. 2015), *cert. denied*, No. 15-363, 2016 WL 3461577 (June 27, 2016).

Despite Plaintiffs arguments to the contrary, the Supreme Court's decision to deny certiorari did not resolve the split in the circuit courts regarding whether the FCA's first-to-file

bar is jurisdictional. Although the decision by the Supreme Court to deny certiorari did leave the decision of the D.C. Circuit in place, the Supreme Court's denial of certiorari did not affect decisions in other circuits, such as the decision by the Tenth Circuit finding that the FCA's first-to-file bar is jurisdictional. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 (10th Cir. 2004). Therefore, the Supreme Court's decision to deny certiorari does not change the court's analysis regarding whether the issue is appropriate for interlocutory appeal.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration of Order Certifying Interlocutory Appeal and Granting Stay is DENIED.

DATED this 28th day of June, 2016.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge