IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JOE BLYN,<br><br>                    Plaintiff,<br>v.<br><br>TRIUMPH GROUP, INC. TRIUMPH GEAR SYSTEMS, INC.,<br><br>                    Defendants. | **ORDER**<br><br>Case No. 2:12-cv-00922<br><br>District Judge Dale A. Kimball |

Before the court is Plaintiff-Relator Joe Blyn's Motion to Reinstate the Dismissed Case and for Leave to File an Amended Complaint. For the following reasons, Plaintiff's motion is DENIED in its entirety. (Dkt. No. 98).

**BACKGROUND**

This case was originally filed by Joe Blyn on October 1, 2012. On July 25, 2013, Plaintiffs filed an amended complaint voluntarily removing Blyn from the case and adding two additional plaintiffs. (Dkt. No. 6). Blyn has therefore not been a party in this case for over four years. It remains unclear why Blyn voluntarily removed himself from the case.

On April 26, 2016, the Defendants filed a motion to dismiss arguing that the first-to-file provision of the False Claims Act (FCA) bars a party other than the government from intervening or bringing a related action. This court denied the motion to dismiss and granted an interlocutory appeal.

On October 24, 2017, the 10th Circuit reversed this court's order that denied the motion to dismiss. (Dkt. No. 95). *U.S. ex rel. Little v. Triumph Gear Sys. Inc.,* 870 F.3d 1242 (10th Cir. 2017). The 10th Circuit held that the first to file rule, as it pertains to the FCA, barred adding

1

additional parties to the lawsuit. *Id.* Because the complaint was originally filed by Joe Blyn, it was improper for new parties, other than the government, to intervene. The 10th Circuit therefore held that the district court erred in not granting the Defendant's motion to dismiss. *Id.*

On appeal, Plaintiffs sought leave to amend the complaint to rename Blyn as a plaintiff pursuant to 28 U.S.C. § 1653. The 10th Circuit denied Plaintiff leave to amend holding "§ 1653 doesn't empower federal courts to amend a complaint so as to produce jurisdiction where none actually existed." *Id.* at 1252. "[T]he amended complaint – not the original complaint – is the starting point for the jurisdictional determination." *Id.*

Prior to dismissal of this action, the Plaintiff did not seek leave to amend his complaint at the district court to rename Blyn as a plaintiff. On December 1, 2017, in accordance with the 10th Circuit's Mandate, this court dismissed Plaintiff's complaint and closed the case. After the case was closed Plaintiff filed a motion to set aside judgment, and also sought leave to file an amended complaint to rename Joe Blyn as a plaintiff.

## DISCUSSION

The Plaintiff argues that the court's dismissal of this action is not required by the Court of Appeals ruling nor is it in accord with the court's previous rulings as to the viability of the claims raised by Joe Blyn. The court is not persuaded that it erred in dismissing this action. Joe Blyn was not a plaintiff, nor had he been for over four years when the court dismissed the case. At no point in the course of litigation at the district court did the Plaintiff seek to rename Blyn as a plaintiff. At the time the court closed the case there were no plaintiffs left in the lawsuit.

The 10th Circuit has held that a motion to amend judgment pursuant to Federal Rule of Civil Procedure 59(e) should be granted when the moving party can show proper grounds, such as:

(1) An intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration [under Rule 59(e)] is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citations and quotations omitted). The Plaintiff does not seek to amend judgment on any of the above grounds.

Plaintiff argues in his reply that relief may also be justified under Fed. R. of Civ. P. 60(b) because the court made manifest errors of fact and law. The court disagrees. The court did not error in dismissing the case because there was no longer a plaintiff. In fact, the court would have erred in retaining a case where jurisdiction no longer existed.

Accordingly, because Plaintiff does not provide a valid basis for amending judgment, Plaintiff's motion is DENIED.

## CONCLUSION

Based on the above reasoning, Plaintiff's Motion to Set Aside Judgment and to Amend his Complaint is DENIED in its entirety. (Dkt. No. 98).

Dated this 2nd day of January, 2018.

BY THE COURT:

DALE A. KIMBALL,
United States District Judge